IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHELLY KLEIN,
Plaintiff,

v.

Case No. 16–CV–00013–JPG–DGW

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

## ORDER

Before the Court is Plaintiff Shelly Klein's Application for Attorney's Fees Under the Equal Access to Justice Act. (Doc. No. 28). Defendant Commissioner of Social Security filed a response, (Doc. No. 29), and Plaintiff filed a reply, (Doc. No. 30).

The Equal Access to Justice Act ("EAJA") instructs the Court to award attorney's fees and expenses to "prevailing parties" in civil actions brought against the United States, including proceedings for judicial review of agency action, unless the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

Plaintiff is a prevailing party under the EAJA. This case initially appeared before the Court in January 2016. (Doc. 1). In January 2017, the Court reversed and remanded the Commissioner's final decision denying Plaintiff's application for DIB and SSI benefits pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 26). And a plaintiff that wins a remand order pursuant to sentence four of § 405(g) receives prevailing-party status. Shalala v. Schaefer, 509 U.S. 292, 301–302 (1993). Accordingly, Plaintiff is a prevailing party for the purposes of this attorney's fees determination.

However, awarding attorney's fees is inappropriate where the government's position was substantially justified. The meaning of "[t]he key statutory term, 'substantially justified,' is neither defined nor self-evident." United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381 (7th Cir. 2010). But considering the underlying purposes of the EAJA, it means something more than

nonfrivolous; the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." Id. at 381–82. "The Commissioner bears the burden of demonstrating that her position was substantially justified." Marcus v. Shalala, 12 F.3d 1033, 1036 (7th Cir. 1994).

The Seventh Circuit adopted the Third Circuit's three-part standard for determining whether the government's position is substantially justified under the EAJA: "'[t]o satisfy its burden the government must demonstrate (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" Phil Smidt & Son, Inc. v. NLRB, 810, F.2d 638, 642 (7th Cir. 1987) (citing Donovan v. DialAmerica Mktg., Inc., 757 F.2d 1376, 1389 (3d Cir. 1985)).

The Court's determination must be based on an assessment the government's conduct in both the pre-litigation and litigation contexts. United States v. Hallmark Constr. Co., 200 F.3d 1076, 1080–81 (7th Cir. 2000). "A decision by an ALJ constitutes part of the agency's pre-litigation conduct." Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). And this Court's reversal of the ALJ is not conclusive evidence that the government's position lacked substantial justification. See Hallmark Constr. Co., 200 F.3d at 1079; Pierce v. Underwood, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). The Court "must be careful not to let [its] superseded view of the merits color [its] determination of whether there was a substantial justification for the government's position." Thouvenot, Wade & Moerschen, Inc., 596 F.3d at 384. It "takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified . . . ." Bassett v. Astrue, 641 F.3d 857, 860 (7th Cir. 2011).

Before this Court, the Commissioner defended the ALJ's conclusion that Plaintiff had "moderate" difficulties maintaining concentration, persistence, or pace (as opposed to "marked"

difficulties). The ALJ noted that Plaintiff acknowledged difficulties concentrating depending on "whether she has severe pain or crying spells" and difficulties "paying attention, staying on task, finishing tasks, and handling stress and changes in routine." (Doc. No. 16–2 at 21). In determining that Plaintiff had only moderated difficulties, the ALJ gave "little weight" to counselor McMullin's determination that Plaintiff experienced "marked limitations in understanding and remembering detailed instructions and maintaining attention and concentration," (Doc. No. 16–2 at 29), because it seemingly contradicted the fact that Plaintiff "managed to complete her activities of daily living, attend church occasionally, work 18–24 hours a week [as a dry-cleaning presser], get her daughter up and off to school, and read," (Doc. No. 16–2 at 28–29). Additionally, the ALJ gave "partial weight" to counselors Altomari and Markway's independent determinations that Plaintiff "had moderate limitations in concentration, persistence or pace and could understand, remember and follow complex instructions." (Doc. No. 16–2 at 29).

This Court reversed and remanded the ALJ's denial of Plaintiff's application. The Court found that the ALJ erred in two ways. First, the ALJ asked improper hypotheticals to vocational experts that failed to include *all* of Plaintiff's limitations supported by medical evidence in the record, as required by Seventh Circuit precedent in Steward v. Astrue, 561 F.3d 679, 684–85 (7th Cir. 2009). (Doc. No. 26 at 9–10). Specifically, the Court cited Steward for the proposition that limiting a hypothetical to simple, unskilled work does not account for a claimant's difficulty with memory, concentration, or mood swings. Id. The Court extended this reasoning to similar hypotheticals limited to semi-skilled work. (Doc. No. 26 at 9–10). Second, the ALJ erred by not affording greater weight to the counselors' opinions. (Doc. No. 26 at 11).

In response to Plaintiff's Application for Attorney's Fees, the Commissioner points to medical evidence on the record to support its contention that the government's position was substantially justified. Specifically, the Commissioner notes Plaintiff's work activity and the counselors' opinions

maintaining that Plaintiff could understand, remember and carry out simple work instructions. The Court agrees.

The Commissioner met its burden of establishing that the government's position was substantially justified. Regardless of whether the ALJ's ultimate determination was correct, the Court finds that the government's interpretation of the factual record was reasonable. The ALJ decision evidences an extensive review of the record and careful consideration of the counselors' opinions. The ALJ decision also relied primarily on the counselors' opinions, rather than the erroneous hypotheticals presented to the vocational experts—the discussion of the evidence was more than adequate.

Similarly, the government's position that the hypotheticals posed to the vocational expert were proper had a reasonable basis in law and fact. While it is true that the employing terms like "simple, repetitive tasks" is insufficient, see id., some ALJ hypotheticals omitting the terms "concentration, persistence and pace" were affirmed by the Seventh Circuit where alternative phrasing specifically excluded tasks that someone with the claimant's limitations would be unable to perform, O'Connor-Spinner v. Astrue, 627 F.3d 614, 619 (7th Cir. 2010). Here, the Commissioner asserts that the ALJ communicated the fact that Plaintiff could maintain attention and concentration to carry out semi-complex tasks. Specifically, the vocational expert was asked to consider an individual "able to understand, remember, and carry out simple to moderately complex instructions consistent with semiskilled work, and a person can tolerate frequent but not constant contact with coworkers, supervisors, and the general public." (Doc. No. 16–2 at 77). And although the Court will not revisit the merits of the Commissioner's argument and our subsequent reversal, the Court also notes that the vocational expert heard testimony from Plaintiff that spoke specifically to her memory and concentration. (Doc. No. 16–2 at 61). Cf. id. ("[N]o evidence exists here that the VE reviewed Ms. O'Connor-Spinner's medical history, as opposed to just her work history, *or heard testimony about the*

— 4 —

*limitation.*") (emphasis added); see also Steele v. Barnhart, 290 F.3d 936, 942 (7th Cir. 2002) (maintaining that there is an exception to the requirement that the ALJ's hypothetical specifically include all the claimant's limitations where the record indicates that the vocational expert independently learned of the limitations through other questioning at the hearing).

Importantly, this Court takes care to address the government's overall conduct, rather than considering only the one challenged issue on which Plaintiff previously prevailed. See Steward, 561 F.3d at 683. And although the Court is not excusing the ALJ's errors, a reasonable person could conclude that both the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law.

Accordingly, the Court **DENIES** Plaintiff Shelly Klein's Application for Attorney's Fees Under the Equal Access to Justice Act. (Doc. No. 28)

**SO ORDERED.**

**Dated: Tuesday, October 15, 2019**

                                                <u>**S/J. Phil Gilbert**</u>
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**